48 F.3d 562
 310 U.S.App.D.C. 386
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
William Henry DRAINE, Appellant.
 No. 92-3256.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 25, 1995.
 
 Before: WILLIAMS, GINSBURG, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed substantially for the reasons stated orally by the district court at the July 27, 1992 suppression hearing and for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant argues that the district court erred in denying his motion to suppress evidence on the grounds that the traffic stop, which led to the discovery of the incriminating evidence, was without legal justification and that the subsequent frisk and vehicle search were beyond the legitimate scope of the stop. The stop of appellant's car was justified based on the officers' objectively reasonable belief that appellant's failure to display a license tag on his front bumper, as well as the heavy tint on all of the vehicle's side windows, were violations of District of Columbia traffic regulations. See United States v. Mitchell, 951 F.2d 1291, 1295 (D.C.Cir.1991), cert. denied, 112 S.Ct. 1976 (1992); United States v. Montgomery, 561 F.2d 875, 879-80 (D.C.Cir.1977). Police testimony, which the district court found credible, established that appellant engaged in a furtive movement which justifiably caused the police officer to be concerned for his safety and provided a legitimate basis for an investigative detention and protective frisk of appellant. See Mitchell, 951 F.2d at 1295. See also United States v. White, 648 F.2d 29, 36-37 (D.C.Cir.1981) (officers, having observed driver's furtive hand movements, acted within scope of legitimate investigatory stop when they ordered driver and passengers out of vehicle).
 
 
 5
 Once the vehicle was stopped for a lawful purpose and its occupants were properly asked to exit the car, the officers were entitled to seize the weapon that lay in plain view on the floor of the car. See Horton v. California, 496 U.S. 128, 136-37 (1990). Thus, the district court properly denied appellant's motion to suppress.